UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Oliver Kambala Wa Kambala, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:17-cv-00451 (APM) |
| Checchi and Company Consulting, Inc., | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Enjoin Arbitration. *See* Def.'s Mot. to Enjoin Arbitration, ECF No. 8 [hereinafter Mot. to Enjoin]. By way of background, Defendant—a consulting firm engaged in international development work—hired Plaintiff on December 11, 2015, to serve as a project leader. *Id*. at 2. In October 2016, Defendant terminated Plaintiff's employment pursuant to an at-will termination clause in Plaintiff's employment agreement. *Id*. Plaintiff responded by (1) submitting to arbitration, as contemplated under the employment agreement, a breach-of-contract claim, and (2) filing Title VII and D.C. Human Rights Act ("DCHRA") discrimination claims in this court asserting Defendant terminated him based on his race and national origin. *Id*. Defendant now moves to enjoin the pending arbitration proceedings, arguing that Plaintiff waived his right to arbitrate his breach-of-contract claim when he filed suit in federal court. *Id*. The court agrees.

The right to arbitrate is a contractual right and, like any other contractual right, it can be waived. *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987) (citing *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966)).

As relevant here, such waiver occurs when a party acts inconsistently with its arbitration right, such as through "active participation in a lawsuit." *Id*. at 775; *see also Khan v. Parsons Global Servs., Ltd*., 521 F.3d 421, 424–25, 428 (D.C. Cir. 2008). Thus, when a party "has made a decision to take advantage of the judicial system," it has waived its right to arbitrate. *Khan*, 521 F.3d. at 427.

Plaintiff admits that, by filing this action, he has availed himself of the rights and protections of the federal courts. He explains that he "elected two distinct forums to contest" his termination, simultaneously pursuing a breach-of-contract claim in arbitration and Title VII and DCHRA discrimination claims in federal court, because each cause of action affords different relief. Pl.'s Opp'n to Mot. to Enjoin, ECF No. 11, at 4–5. This he cannot do. Plaintiff appears to justify his approach on the ground that an arbitral tribunal cannot adjudicate his discrimination claims. *See id.* at 5 (arguing that "the arbitration proceeding cannot be regarded as seeking the same relief than the relief sought before this court"). That justification is wrong. Plaintiff could have pursued both his discrimination and breach-of-contract claims in binding arbitration. *See Booker v. Robert Half Int'l, Inc*., 413 F.3d 77, 80 (D.C. Cir. 2005) ("We [have] held that [an] employee . . . [may] be compelled to arbitrate his Title VII claim."); *Borg-Warner Protective Servs. Corp. v. Equal Emp't Opportunity Comm'n.*, 245 F.3d 831, 835 (D.C. Cir. 2001) (holding that "Title VII claims may be subject to mandatory arbitration" and collecting cases); *Fox v. Computer World Servs. Corp.*, 920 F. Supp. 2d 90 (D.D.C. 2013) (granting motion to compel arbitration of DCHRA claims). Because Plaintiff instead opted to bring his discrimination claims in federal court, he has acted inconsistently with his right to arbitrate and has thus waived that right. *Khan*, 521 F.3d. at 427.

* * *

For the reasons stated above, Defendant's Motion to Enjoin Arbitration is granted. Plaintiff is hereby enjoined from challenging his termination in arbitration, while simultaneously advancing related claims in this court. Accordingly, Plaintiff shall immediately withdraw the arbitration demand pending before the American Arbitration Association.

Further, in light of the court's granting of Defendant's Motion, Defendant's Motion for a Preliminary Injunction, ECF No. 13, is denied as moot.

Finally, upon motion, the court will permit Plaintiff to further amend his Complaint to include a breach-of-contract claim.

Date: May 4, 2017

Amit P. Mehta
United States District Judge